IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUSTICE SHUNTE MCCLENDON,<br>c/o Agent Tracy D. McClendon,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY C. WARD, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF GEORGIA,<br><br>Respondents. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 21-32-RGA |

## MEMORANDUM

Presently pending before the Court is Petitioner Justice Shunte McClendon's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, an Amended Petition, and a Memorandum in Support. (D.I. 1; D.I. 3; D.I. 4) Petitioner is a prisoner at the Muscogee County Prison in Columbus, Georgia. He contends that his judgment of conviction is void, because Respondents are a Delaware corporate entity unlawfully detaining him and the Georgia court in which he was convicted lacked both personal jurisdiction and subject-matter jurisdiction over his case. (D.I. 1 at 5, 7; D.I. 3 at 5, 7) According to Petitioner, the Court can review the instant proceeding because it has original jurisdiction over corporations that were incorporated in the State of Delaware. (D.I. 4) Petitioner asks the Court to order his immediate release from prison. (D.I. 1 at 12; D.I. 3 at 11)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. 28 U.S.C. § 2254(a); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *overruled on other grounds by Heck v. Humphrey*, 512 U.S. 477, 482 (1994)).

As an initial matter, the Court notes that it dismissed another habeas petition filed by Petitioner in 2015 after determining that it lacked jurisdiction over Petitioner's challenge to same Georgia conviction he challenges here. (*See McClendon v. Rush*, Civ. A. No. 15-333-RGA at D.I. 3 & D.I. 4) Petitioner's circumstances have not changed since that dismissal. Consequently, the Court again concludes that it lacks jurisdiction over the instant proceeding, because Petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court. Since Petitioner is in custody in Georgia and challenges a conviction rendered by a George state court, the Courts with jurisdiction over the instant proceeding are in Georgia. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 442 (2004) (state prisoner challenging the constitutionality of his custody that is the result of a state court judgment of conviction, or his present physical confinement that is not the result of a state court conviction must file the petition in a judicial district which can achieve *in personam* jurisdiction over the petitioner's warden or custodian); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ . . . does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Accordingly, the Court will summarily dismiss the instant

Petition, and will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

    A separate Order follows.

Dated: January 18, 2022

UNITED STATES DISTRICT JUDGE